The Honorable Jim Argue State Senator 5905 Forest Place #210 Little Rock, AR 72207-5245
Dear Senator Argue:
You have requested an Attorney General opinion concerning the applicability of the licensure requirements of the private career education laws.
You state that the Arkansas Chapter of the American Society for Training and Development (ASTD) is a volunteer, non-profit organization which exists for the purpose of providing networking and educational resources for persons in the training field. The Arkansas Chapter of ASTD has approximately 75 members who are trainers, training managers, and consultants in both the public and private sectors. The organization offers bi-monthly lunch or late afternoon meetings with a speaker. These bi-monthly meetings are two-hour meetings; half of this time is devoted to networking. Once or twice a year, the chapter offers half-day or full-day workshops to members and, as a means of recruiting new members, opens these workshops to non-members who are interested in the topic being covered. The chapter charges its members a fee to attend these workshops.
It is my understanding that the Arkansas Chapter of ASTD has been notified by the Arkansas Board of Private Career Education that it must be licensed under the provisions of A.C.A. § 6-51-601 et seq.
Accordingly, you have asked:
 Does A.C.A. § 6-51-601 et seq. apply to a volunteer, non-profit professional organization offering training workshops to its members and non-members for a nominal fee, for the purpose of recruiting the non-members?
Response
Summary of Opinion
It is my opinion that technically speaking, the licensure provisions of A.C.A. § 6-51-601 et seq. do apply to the type of organization that you have described, primarily because the organization charges its members for the training sessions that it offers. However, as explained in Footnote 1, I do not believe that the private career education laws were intended to apply to organizations of this nature. Nevertheless, until the legislature has clarified the applicability of these laws, the organization is subject to their licensure requirements.
Discussion
The provisions of A.C.A. § 6-51-601 et seq. require that certain types of private career educational organizations obtain a license from the Arkansas Board of Private Career Education.
The act's primary, general regulatory provision states:
 (a) No persons shall operate, conduct, maintain, or offer to operate in this state a school as defined herein, or solicit the enrollment of students residing in the state, unless a license is first secured from the board issued in accordance with the provisions of this subchapter and the rules and regulations promulgated by the board.
A.C.A. § 6-51-606(a).
The act defines the term "school," as used therein, as follows:
 (2)(A) "School" means any person, firm, partnership, association, corporation, or other form of business organization seeking to do business or offering in the State of Arkansas such resident or correspondence training that leads to or enhances occupational qualifications, whether or not the institution is subject to § 6-61-301[.]
A.C.A. § 6-51-602(2)(A).
The act defines the term "resident school" as follows:
 (7) "Resident school" means any school in which all programs of study are conducted in resident classrooms or held in public meeting facilities;
A.C.A. § 6-51-602(7).
The act does contain an exemption for trade, business, and professional organizations. That exemption states:
The following are exempt from licensure under this subchapter:
* * *
 (7) A program of study sponsored by a recognized trade, business, or professional organization for instruction of the members of the organization with a closed membership and for which no fee is charged the member[.]
A.C.A. § 6-51-603(7).
It is my understanding that the Arkansas Board of Private Career Education does not interpret the above-quoted exemption to apply to ASTD, because ASTD charges its members a fee to attend its training sessions.
The Arkansas Supreme Court has consistently held that an interpretation given to a statute by the agency charged with its execution is highly persuasive, and should not be overturned unless it is clearly wrong.Southwestern Bell Tel. v. Ar. Pub. Serv. Comm'n., 69 Ark. App. 323, ___ S.W.3d ___ (2000); Ford v. Keith, a 338 Ark. 487, 996 S.W.2d 20 (1999). Because the language of the above-quoted exemption is clear and unambiguous, I cannot find that the Board's interpretation of the exemption is clearly wrong.[1]
Accordingly, I must conclude that the licensure requirements of the private career education laws do apply to organizations — even trade, business, and professional organizations — that offer training workshops to their members and non-members for a nominal fee.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh
[1] Nevertheless, I must note that I do question whether the Board's application of the act to ASTD is consistent with the intent of the act. The private career education statutes were originally enacted as Act 770 of 1983. The title of that act was: "An Act to Provide for State Board of Vocational Education Approval and Licensure of All Arkansas and Out-of-State Resident and Correspondence Private Vocational and Related Schools and Solicitors Offering Such Courses to Residents of Arkansas, and for Other Purposes." Acts 1983, No. 770, Title.
The General Assembly's declaration of its purpose for passing the act stated:
 In the enactment thereof, the General Assembly is aware of the fact that many schools offering resident and/or correspondence courses n the State of Arkansas have contributed extensively to the well-being of the individuals and the business and industrial establishments which have benefited from such training; that there has been and will continue to be a need for civil and consumer protection.
 The General Assembly determines that the establishment of reasonable standards and licensing requirements for resident and/or correspondence schools, their course offerings and their instructors, sales representatives or solicitors in the manner provided in this Act is essential in the public interest and in the furtherance of the purposes stated above.
Acts 1983, No. 770, § 1 (Findings and Declaration of Purpose).
The act's title and its declaration of purpose seem to indicate that the act was intended to regulate for-profit organizations and individuals whose primary purpose was to offer career education — not trade, business, and professional organizations whose primary purpose is to provide various services to their members, only one of which is an occasional training session. This primary purpose of the act seems apparent from the references in the act's title, in its statement of intent, and in its definition of "school," to "consumer protection," "sales representatives," "solicitors," and "business" in connection with the "schools" that are to be regulated. I do not believe that this act was ever intended to require trade, business, and professional organizations to be licensed as "schools," if those organizations' training sessions are incidental to their primary purpose.
I also find it troubling that the Board does not require other trade, business, and professional organizations that, like ASTD, charge their members fees for training sessions to be licensed. An example of such an organization is the Arkansas Bar Association.
I note that a bill is pending in the current session of the General Assembly that would alter the exemption provision of A.C.A. §6-51-603(7). See SB 434, 83rd General Assembly, Regular Session, 2001. This bill would extend the exemption to trade, business, and professional organizations that charge less than $100.00 per day for their training sessions. This amendment would not have the effect of encompassing many of the training sessions that are offered by the Arkansas Bar Association, for which the fee exceeds that amount.